UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 12-308 (JNE/JJK) |
| | ) | |
| v.              Plaintiff, | ) | |
| | ) | **DEFENDANT'S POSITION** |
| WESLEY RAYVON JOHNSON, | ) | **REGARDING SENTENCING** |
| | ) | |
| Defendant. | ) | |

Wesley Rayvon Johnson is before the Court for sentencing, having pled guilty to being a felon in possession of a firearm. Mr. Johnson submits this position in advance of sentencing, seeking a sentence of 84 months in prison. He urges that a close examination of his personal history, the circumstances of the offense, and the goals of federal sentencing reveals that 84 months in federal prison is more than sufficient. Mr. Johnson has received and reviewed a copy of the Presentence Report with counsel and has no objections to the guideline calculations within the report.

**I.     Background of Wesley Johnson**

Ever since he was a little boy, Wesley Johnson looked up to his two older brothers. Not knowing the identity or name of his father, Wesley's brothers were the male roll models he imitated throughout his childhood. With a working mother trying to put food on the table and a grandmother overwhelmed by the number of children in her care, Wesley's brothers taught him how to act, how to dress and how to take care of himself.

When they were young, Wesley's idolization of his brothers was natural and harmless. They attended school together, played basketball together, and Wesley, who always got good

grades, was known as "the smart one." Wesley, the baby of the family, was the one who made grandma proud and never caused any trouble.

Moving from Chicago when he was eight years old, Wesley attended school at West Central Academy in North Minneapolis from second through fourth grade and did well. Unfortunately, after finishing his fourth grade year, his family moved again and again. In fifth grade, Wesley attended three different elementary schools. In sixth grade, Wesley attended two different schools. During the various transitions, Wesley struggled to maintain his grades, but ultimately fell behind.

No longer receiving good grades, Wesley no longer felt that he was the special, "smart one" and he gave up on school entirely. Looking up to his brothers and wanting to be like them, Wesley began smoking marijuana and drinking alcohol with his brothers in seventh grade. This is also when young Wesley began getting in trouble. By eighth grade, at 13 years old, school was no longer a priority and smoking marijuana had become a daily habit.

Following in the footsteps of his brothers, Wesley was incarcerated as a juvenile in Red Wing, Minnesota when he was 17 years old. This time, however, wasn't wasted and Wesley obtained his GED and finished a semester in college before being released on his 19th birthday.

Unfortunately, after being released, Wesley Johnson returned home and resumed smoking marijuana and using drugs with his brothers. Young and foolish, he again started making bad decisions and started getting into trouble.

## II. Legal Analysis

Mr. Johnson seeks a sentence of 84 months in prison, which is within the agreed upon advisory guideline range. He urges that such a sentence is more than "sufficient" to accomplish the many goals of federal sentencing.

### A. The Agreed Upon Guideline Range.

Mr. Johnson entered his plea of guilty to absolve himself from an Armed Career Criminal analysis of his juvenile conviction on unsettled law. In doing so, Mr. Johnson has agreed to be sentenced pursuant to a criminal history category of V, as opposed to his true criminal history category of IV, where the advisory guideline range would be 70 to 87 months.

In either scenario, a sentence of 84 months is just. Mr. Johnson is a young man who has never served a significant prison sentence and will be incarcerated with the general adult population in a federal penitentiary. Incarceration for seven years of a young man's life is a significant punishment and is an appropriate sentence for illegally possessing a firearm.

### B. Legal Standard: 18 U.S.C. § 3553(a).

After *United States v. Booker*, the Supreme Court has elaborated on the discretion a district court has to make sentencing decisions based on the facts of each case and broader policy questions. *Spears v. United States*, 129 S.Ct. 840, 843-44 (2009); *Kimbrough v. United States*, 128 S.Ct. 558, 575-76 (2007); *Gall v. United States*, 128 S.Ct. 586, 597-98 (2007).

> [W]e recognize that the sentencing court's "job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient but not greater than necessary to comply with the purposes of' section 3553(a)(2)."

*United States v. Toothman,* 543 F.3d 967, 971 (8th Cir. 2008)(quoting *United States v. Huff,* 514 F.3d 818, 820 (8th Cir. 2008)). Considering the factors set forth in 18 U.S.C. § 3553(a), therefore, a criminal sentence should adequately address and reflect how an individual got to this place in life.

### C.   84 Months Is Sufficient But Not Greater Than Necessary.

When Mr. Johnson's life and offense are viewed against the backdrop of the enumerated sentencing considerations, it becomes clear that 84 months is an appropriate sentence.

First, while not minimizing the illegality of the possession of a weapon, it is important to note several things about the crime. Mr. Johnson was not found to have used the gun in any violent manner or to have brandished it at anyone. The gun was found in Mr. Johnson's pants when he stopped for the police. In fact, the shots-fired call that brought police officers to the area were completely unrelated to Mr. Johnson and there are no aggravating facts which require a greater sentence. Mr. Johnson did not run from the police and had not committed any other crimes.

Second, it is clear that Mr. Johnson has the intelligence and drive to excel in school and make something of himself. Despite his lack of parenting and poor influences, Mr. Johnson obtained his GED and finished a semester in college before his 19th birthday.

When sober, he clearly has potential and the abilities to make something of himself as an adult.

Additionally, 84 months in prison would be 70 months longer than any sentence Mr. Johnson has ever served. From 17 to 19 years old, Mr. Johnson was in a correctional facility for juveniles for 14 months. During these 14 months he had many privileges, attended a chemical health program, obtained his GED and completed a semester of college. Surely, at 21 years old, his sentence in a federal prison will be very different from his previous experience and will be considerably more punitive.

**Conclusion**

For the aforementioned reasons, a sentence of 84 months in federal prison is sufficient. Such a sentence would be approximately six years longer than any sentence he has ever received and would give him ample time to reflect on his future. Such a sentence would be sufficient, but not greater than necessary to serve the goals of sentencing and would fairly reflect the circumstances of this case and Mr. Johnson's life.

Dated: June 5, 2013                    Respectfully submitted,

*s/ Shannon Elkins*

SHANNON ELKINS
Attorney ID No. 332161
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

5